IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Uniloc Luxembourg, S.A., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| Michael W. Broderick, | § § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff, for its Complaint against the Defendant Michael W. Broderick ("Broderick"), alleges as follows:

1. Plaintiff Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company with its principal place of business in Luxembourg. Uniloc Luxembourg operates in the United States pursuant to agreements with Uniloc USA, Inc., a Texas corporation ("Uniloc USA"). The principal place of business of Uniloc USA is Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2. Broderick is a citizen of the State of Massachusetts.

### Jurisdiction and Venue

3. This action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. Subject matter jurisdiction is conferred by 28 U.S.C. § 1332, as the Plaintiff is a citizen of a foreign country and Defendant is a citizen of the State of Massachusetts, and the amount in controversy exceeds $75,000.

4. Venue is appropriate in the Eastern District of Texas under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in the Eastern District of Texas.

**Factual Background**

5.      Uniloc Luxembourg and Uniloc USA are sometimes collectively referred to in this Complaint as "Uniloc." Uniloc researches, develops, manufactures, and licenses information-security technology solutions, platforms, and frameworks, including solutions for securing software applications and digital content. Uniloc's patented technologies enable software and content publishers to securely distribute and sell their high-value technology assets with minimum burden to their legitimate end-users. Uniloc's technology is used in several markets, including software game security, identity management, intellectual property rights management, and critical infrastructure security. Uniloc has appeared as a plaintiff in this Court to assert rights to its patented technologies and has obtained judgments in its favor from this Court against infringers of Uniloc's patented technologies.

6.      Broderick was an employee of affiliates of Uniloc Luxembourg from October 2006 until September 2007, including an affiliate named Uniloc Corporation Pty. Ltd., an Australian corporation ("Uniloc Australia").

7.      While employed by the affiliates, Broderick was granted stock options in Uniloc Australia pursuant to a stock option agreement (the "November 2006 Stock Option Agreement"). Through a stock option agreement, an optionee obtains the right to purchase a set number of shares at a set price, called the "exercise price." If the stock at the time of exercise can be sold at a price higher than the exercise price, the optionee can receive a gain on the transaction.

8.      In the November 2006 Stock Option Agreement, Broderick was granted stock options for 300,000 shares of Uniloc Australia stock at an exercise price of $16.78 per share. These options were to "vest" over a several-year period. Once vested, Broderick could exercise the stock options.

9. As of the termination of Broderick's employment with the affiliates, 60,000 shares of the stock option had vested. As part of Broderick's severance agreement when he left the employ of the affiliates, the November 2006 Stock Option Agreement was amended to adjust the stock option grant to 60,000 shares, acknowledge that 60,000 shares were vested, and extend the expiration of the stock options to November 16, 2016 (the "2009 Addendum").

10. In a corporate reorganization in 2011 (the "2011 Reorganization"), Uniloc Australia transferred its intellectual property and other assets to Uniloc Luxembourg. In exchange for that transfer, the shareholders of Uniloc Australia became shareholders of Uniloc Luxembourg.

11. Out of his stock option grant of 60,000 shares, Broderick exercised an option for just one share of Uniloc Australia stock before the 2011 Reorganization occurred. As a result of the 2011 Reorganization, Broderick now owns both one share of Uniloc Luxembourg and one share of Uniloc Australia. Broderick is also likely entitled to receive, as a result of the 2011 Reorganization, a similar number and value of stock options in Uniloc Luxembourg as he currently holds in Uniloc Australia, but Broderick has not received those options yet.

12. Broderick exercised the option on only one share of stock; he has not exercised any other of his stock options. The November 2006 Stock Option Agreement expressly stated that Broderick "shall have no rights as a stockholder with respect to any Shares covered by this Option until [Broderick] has duly exercised this Option, paid the Exercise Price and become a holder of record of the Shares purchased."

13. Marathon Patent Group, Inc., in conjunction with Uniloc Luxembourg and Uniloc Australia, on August 14, 2015 filed a Form 8-K with the Securities and Exchange Commission stating their intent to merge. It is anticipated that the combined companies will operate as a new

Luxembourg company named Marathon Group S.A. Closing on the merger is expected in the near future.

14. Broderick has recently demanded that the shares subject to his stock options be "redeemed" by Uniloc Luxembourg at a per-share price far beyond the current fair market value of the shares―a demand that is in the range of $1,000,000. In response, Uniloc Luxembourg representatives have explained to Broderick that stock options are options to purchase shares and not shares. Thus, "redemption" is never available for stock options, such as those held by Broderick. Furthermore, even the shareholders of Uniloc Luxembourg have no redemption right. Finally, Broderick is requesting redemption at a price far beyond the current fair market value of the stock.

15. Nevertheless, in recognition of Broderick's rights under the November 2006 Stock Option Agreement, Uniloc Luxembourg has offered Broderick stock options in Uniloc Luxembourg with an exercise price equal to the current fair market value of the Uniloc Luxembourg shares. That current fair market value price is less than the $16.78 exercise price which Broderick has on his stock options.

16. Broderick has rejected that proposal. Furthermore, and more significantly to this lawsuit, Broderick has been threatening in the past few weeks to sue Uniloc Luxembourg. These threats culminated in his email to the Chief Executive Officer of Uniloc Luxembourg Craig Etchegoyen, stating that "I am not threatening you Craig, I am TELLING you that I am on the verge of suing Uniloc." (Emphasis in original.) Broderick's focus is obviously to cause problems with the Marathon Patent Group/Uniloc Luxembourg merger, as he also emailed to Uniloc Luxembourg: "Yes this is an SEC matter if it is not settled before you merge with a public [company]. Surely."

17. Threats of lawsuits such as these by Broderick can easily upend delicate merger negotiations. In effect, Broderick is threatening a "strike suit," hoping to blackmail Uniloc Luxembourg into avoiding problems with the merger by paying Broderick funds to which he is not legally entitled.

18. Based on the foregoing allegations and under all of the circumstances, a case of actual controversy currently exists between Uniloc Luxembourg and Broderick. There is a substantial controversy between Uniloc Luxembourg and Broderick as they have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### Declaratory Judgment that Broderick Has No Right to Redemption

19. Uniloc Luxembourg repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

20. Broderick's claim that he has a right to have stock "redeemed" by Uniloc Luxembourg has no basis in law or fact. Broderick owns only one share of stock in Uniloc Luxembourg and may be entitled to a right to stock options in Uniloc Luxembourg similar to those he holds in Uniloc Australia. As to his shareholding, he, like all the other shareholders, has no right to redemption. More significantly, as to any stock options to which he may have a right, "redemption" is never an available alternative to an optionee as a matter of corporate law under the express terms of his option.

21. Uniloc Luxembourg is entitled to a declaration of this Court finding that:

(a) Broderick has no right to redemption of any stock of Uniloc Luxembourg, nor any right to redemption with respect to any stock options to which he may be entitled in Uniloc Luxembourg stock (as a result of the 2011 Reorganization);

(b)     Uniloc Luxembourg has no obligation to redeem Broderick's share or stock options in Uniloc Australia.

## Prayer for Relief

WHEREFORE, Uniloc Luxembourg prays for judgment against Broderick as follows:

1.      Uniloc Luxembourg is entitled to a declaration of this Court finding that:

(a)     Broderick has no right to redemption of any stock of Uniloc Luxembourg, nor any right to redemption with respect to any stock options to which Broderick may be entitled in Uniloc Luxembourg stock (as a result of the 2011 Reorganization); and

(b)     Uniloc Luxembourg has no obligation to redeem Broderick's share or stock options in Uniloc Australia; and

2.      A grant of such other and further relief as the Court may deem just and proper, including reimbursement of the reasonable attorneys' fees and costs of Uniloc Luxembourg.

/s/ Ken Carroll
Ken Carroll
  kcarroll@ccsb.com
  Texas Bar No. 03888500
Sara Romine
  sromine@ccsb.com
  Texas Bar No. 24067488
Carrington, Coleman, Sloman &
   Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

John L. Krenn
  john.krenn@gpmlaw.com
   Minnesota State Bar No.12493X
Gray Plant Mooty Mooty & Bennett, P.A.
500 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3222
Facsimile: (612) 632-4222

*Attorneys for Plaintiff*
*Uniloc Luxembourg, S.A.*