IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Uniloc Luxembourg, S.A., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-cv-00706-RC |
| Michael W. Broderick, | § § § | |
| Defendant. | § | |

## DECLARATION OF CRAIG ETCHEGOYEN

1.  I am the chief executive officer of Uniloc Luxembourg, S.A. ("Uniloc Luxembourg"). I was the co-founder of the Uniloc group of companies, including Uniloc Luxembourg. I have personal knowledge of the facts set forth in this declaration.

2.  Uniloc Luxembourg is a Luxembourg public limited liability company with its principal place of business in Luxembourg. Uniloc Luxembourg operates in the United States pursuant to agreements with Uniloc USA, Inc., a Texas corporation ("Uniloc USA"). The predecessor of Uniloc USA, Inc. was a Rhode Island corporation, which was also referred to as Uniloc USA, Inc. Uniloc USA has two headquarters. One of them is in Plano, Texas at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. The other is in Irvine California. I split my time between the two headquarters.

3.  As of early January 2011, a Singapore Uniloc entity ("Uniloc Singapore"), which was an affiliate of Uniloc Corporation Pty. Ltd., an Australian corporation ("Uniloc Australia"), owned significant intellectual property assets, including patents. In January 2011, Uniloc Singapore transferred those intellectual property assets to Uniloc Luxembourg. Uniloc

Singapore, Uniloc Australia, Uniloc Luxembourg and Uniloc USA are sometimes collectively referred to in this Declaration as "Uniloc."

4.      Uniloc has researched, developed, manufactured, and licensed information-security technology solutions, platforms, and frameworks, including solutions for securing software applications and digital content. Uniloc's patented technologies have enabled software and content publishers to securely distribute and sell their high-value technology assets with minimum burden to their legitimate end-users. Uniloc's technology has been used in several markets, including software game security, identity management, intellectual property rights management, and critical infrastructure security. Uniloc Luxembourg's market value results primarily from the substantial value of its patent portfolio. Since the late 2000s, Uniloc has appeared as the plaintiff in a large number of patent infringement cases in the Eastern District of Texas to assert rights to its patented technologies and has obtained judgments in its favor from this Court against infringers of Uniloc's patented technologies. Currently, Uniloc USA and Uniloc Luxembourg have over sixty patent infringement matters pending in the Eastern District of Texas, and no such matters pending in any other District.

5.      Michael Broderick ("Broderick") was the Chief Executive Officer of Uniloc Australia, Uniloc Singapore, and Uniloc USA, Inc. in 2006-07. Uniloc USA at that time was operating as a Rhode Island Corporation. It later incorporated as Uniloc USA in Texas in 2010. Uniloc Luxembourg's operations in the United States are all undertaken through Uniloc USA. There is a very close relationship between Uniloc Luxembourg and Uniloc USA. Uniloc USA is, in effect, the operating arm of Uniloc Luxembourg in the United States. Among other things, Uniloc USA is empowered to sue on behalf of Uniloc Luxembourg to protect the intellectual property owned by Uniloc Luxembourg. Uniloc USA, operating out of the Plano Texas office in

the Eastern District, and Uniloc Luxembourg have brought many significant lawsuits in the Eastern District to protect the valuable intellectual property of Uniloc Luxembourg. In addition, Uniloc Luxembourg has made Uniloc USA its exclusive licensee on several patents owned by Uniloc Luxembourg.

6. In 2007, as CEO of Uniloc Australia, Uniloc Singapore, and Uniloc USA, Inc., Broderick advocated the position that Uniloc USA's future patent infringement lawsuits should be pursued in the Eastern District of Texas, with its fast time to trial and low summary judgment rate.

7. Broderick's intentions for Uniloc's role in the Eastern District of Texas are reflected in part in the following emails from him:

- April 9, 2007 (7:46 a.m.) "[M]y inclination is to either bring several E.D. Tex. actions right now, or at a minimum to wait until the [Rhode Island Uniloc v. Microsoft] case shows itself regarding the tech advisor issue, and then act accordingly." (Attached hereto as Exhibit 1).

- April 3, 2007 (7:54 p.m.) Broderick notes that the Eastern District of Texas would have been the better forum for the Uniloc v.Microsoft case because the Eastern District would have been quicker to trial and "far more plaintiff friendly . . ." (Attached hereto as Exhibit 2).

- April 27, 2007 (5:53 PM) Broderick expresses his anger at the Uniloc lawyers who started the Uniloc lawsuit against Microsoft in Rhode Island rather than in a forum with a short time to trial and low rate of summary judgment—clearly referring to the Eastern District of Texas. (Attached as Exhibit 3).

3

8. Uniloc USA followed Broderick's plan for protecting the valuable intellectual property of Uniloc even after he left the CEO position. Pursuant to Broderick's plan, all of the patent infringement actions brought by Uniloc since 2007 have been brought in the Eastern District of Texas. In those Eastern District actions, Uniloc has obtained judgments in its favor against infringers of Uniloc's patented technologies, all of which has created or maintained the value of Uniloc Luxembourg.

9. Broderick also introduced John Sherrod to Uniloc USA and arranged for the retention of John Sherrod as an independent sales representative of Uniloc USA in 2007. One of the benefits of Mr. Sherrod's engagement by Uniloc USA was that his home office was in Plano, Texas in the Eastern District, thus providing Uniloc USA with an office and presence in the Eastern District.

10. While he was CEO of Uniloc, Broderick worked and lived in the Irvine, California area where Uniloc had a headquarters facility. His employment contract and some of his stock option agreements were governed by California law. The stock option agreement he signed dated November 18, 2011 provides for the application of Luxembourg law.

11. In this lawsuit, Uniloc Luxembourg seeks a declaration of rights with respect to claims made by Broderick with respect to various stock and option ownership interests he alleges he has in Uniloc Luxembourg. Much of the value that currently exists in Uniloc Luxembourg has resulted from protection of its intellectual property through lawsuits brought in the Eastern District of Texas. In other words, the value of the stock and options sought by Broderick has largely been created and protected by actions undertaken in the Eastern District of Texas for the past several years.

12. Uniloc Luxembourg has had few contacts with the State of Massachusetts in recent years other than email contact with Broderick since the time he moved to Massachusetts. Other than recent negotiations with Broderick over his claims to compensation for stock and options, none of the facts of this case arose in Massachusetts.

I swear under penalty of perjury that the statements made in the foregoing declaration are true and correct.

Dated: January 4, 2016

/s/Craig Etchegoyen
Craig Etchegoyen

Exhibit 1

| | |
|---|---|
| **From:** | Craig Etchegoyen |
| **Sent:** | Monday, April 9, 2007 2:25 PM |
| **To:** | Michael Broderick |
| **Subject:** | FW: Microsoft - Privileged Communication |
| **Attach:** | 20070406094641_20070406_084158.pdf |

Any word from the roth firm?

**Craig Etchegoyen** | Uniloc USA Inc
Founder
3333 Michelson | Suite 600 | Irvine CA 92612
craig@unilocusa.com | T 949 788 1470 ex.226

*This email may contain material that is confidential and for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies. Sent from sony ux mobile*

---

**From:** mwbroderick@aol.com [mailto:mwbroderick@aol.com]
**Sent:** Monday, April 09, 2007 7:46 AM
**To:** Craig Etchegoyen; Ric Richardson External; Brad Davis
**Subject:** Fwd: Microsoft - Privileged Communication

Dean's letter shows better preparation than the batch of cases I received previously.

However, it doesn't convince me of much.

Yes, if we file a new case in Eastern District TX now, that case, in its early stages, could be stayed if the D in that case asks for re-examination and a stay. I agree. That could have happened in the MSFT matter too but they never asked for a re-exam.

That said, if anything, his letter raises my suspicion that the MSFT action should have been filed in the Eastern District of TX. If it had, it would now be pretty clearly free of threat of a stay. He recognizes that and I certainly recognize that it is now to late for the MSFT case to move but it is meaningful for future actions.

Lastly, he tries to raise the specter that:

1) we file actions #2 and #3 immediately in E.D. TX,
2) D#2 or D#3 get a '216 patent re-exam.;
3) D#2 or D#3 move for a stay in E.D. TX;
4) the E.D. TX stay is granted;
5) and (Judge Smith) the RI judge in MSFT (ignoring the Xerox/NY case upon which the Blackboard denial of stay was based - too late past discovery); somehow causes the early stage action E.D. TX stay to cause the R.I. judge to stay (without motion by MSFT?) the late stage RI case (in spite of Xerox precedent).

That is an awful lot of ifs, and if Paul's September time line for MSFT resolution is accurate (I personally doubt it will be), none of the E.D. TX actions would have any impact MSFT anyway.

We should discuss this (or email among the 4 of us), this is important...but my inclination is to either bring several E.D. TX actions right now, or at a minimum to wait until the MSFT/RI case shows itself regarding the tech advisor issue, and then act accordingly.


-----Original Message-----
From: DGBostock@mintz.com
To: mwbroderick@aol.com
Cc: ric.r@r2labs.com; craigetch@cox.net; bcosgrove01@cox.net; AMLarkin@mintz.com
Sent: Fri, 6 Apr 2007 8:45 AM
Subject: Microsoft

Mike,

Attached please find correspondence dated today.

Regards,

Dean.
-----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.


-----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.
size=2 width="100%" align=center>
AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

Exhibit 2

| | |
|---|---|
| **From:** | Brad Davis |
| **Sent:** | Wednesday, April 4, 2007 9:36 AM |
| **To:** | Michael Broderick \(external\) |
| **Cc:** | Craig Etchegoyen |
| **Subject:** | RE: Barry Cosgrove/ Mintz Levin |

Mike:

I think your next step is to replace your single name with a symbol - let's brainstorm it.

You, of course, have my support, and I agree with your statements below. I do hope we are not on the unavoidable collision course you predict - hard to imagine that a conflict so rich in Irish and Marines heritage could end well.

B

---

**From:** mwbroderick@aol.com [mailto:mwbroderick@aol.com]
**Sent:** Tuesday, April 03, 2007 7:54 PM
**To:** Craig Etchegoyen; Brad Davis
**Cc:** Ric Richardson External
**Subject:** Barry Cosgrove/ Mintz Levin

Craig and Brad,

Thank you for allowing me to hear my last name used as a single name today. A rare experience indeed - I feel like Sting or Prince...but certainly not Madonna.

I don't blame Peter Wilson, although I was a bit bemused that he wouldn't have greater confidence in me or have had the grace to call me directly. Clearly this is the very last deal for which I will do anything at his suggestion. Still I am grateful to him for have found Uniloc.

Barry Cosgrove is a very different story. His deal for just under 30% of the Mintz Levin take is overtly egregious to even the most casual observer. I understand why it was deal at in 2003, but it is now a historic artifact, to be protected by him at any cost, as he well knows.

So my view from the start of my employment, bolstered by Craig's opinion, was that Barry and possibly Mintz would eventually be at odds with Uniloc and thus me. Further confusing the matter, it is not clear that Barry's 10% is in force if we dispute '216 with counsel other than Mintz, so he is hardly an unbiased party here. That question hasn't been asked but it should be very soon so that we can fully expose Barry's level of (non) objectivity as "advisor" and analyze our options going forward. (Brad and Craig's opinion is that Barry's participation in anything "non-Mintz" going forward is zero % and that would be my preference).

For the record, I am an experienced attorney, former General Counsel and Vice Chairman of a $200 million corporation, three time CEO, and 1 do not believe that 1 have benefited at all from Barry's assistance in the Microsoft matter. His comments and advice are, in my view, consistently self serving.

I fully expected Barry/ and or Mintz to eventually "call the question" - meaning ask Uniloc if they would prefer to fire them or me. Barry and Mintz basically did so today because they are scared by our even discussing alternative firms and forums. Or by our discussing whether the Microsoft action was originally brought in the best forum (I believe it is a very fair question at this juncture - Eastern Texas may well have been better (averaging 15 months to trail) and had been well established by the date of filing as a much faster docket than Rhode Island (we are going on 40 months and counting) and far more plaintiff friendly - though a bit further from MA).

I will continue to press these issues in the interest of you three and our shareholders.

Best,

Mike

---

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

Exhibit 3

**From:** Craig Etchegoyen
**Sent:** Friday, April 27, 2007 7:55 PM
**To:** Michael Broderick \(external\)
**Subject:** RE: Wednesday 5/2

wow..can dean just handle it?


**Craig Etchegoyen** | Uniloc USA Inc
Founder
3333 Michelson | Suite 600 | Irvine CA 92612
craig@unilocusa.com | T 949 788 1470 ex.226

This email may contain material that is confidential and for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies. Sent from sony ux mobile

---

**From:** mwbroderick@aol.com [mailto:mwbroderick@aol.com]
**Sent:** Friday, April 27, 2007 5:53 PM
**To:** Craig Etchegoyen
**Cc:** Brad Davis
**Subject:** Re: Wednesday 5/2

These guys (and Barry) clearly picked a forum with a longer date to trial (40 months and counting versus 12) and a higher summary judgement rate (37% versus 10%) than an available federal district. Now this bullshit.

Im tempted to write Hayes and tell him that unless he is riding in the fucking Kentucky Derby on Wednesday that he'd better have his ass in Providence Federal on 5/2.


-----Original Message-----
From: CEtchegoyen@unilocusa.com
To: mwbroderick@aol.com
Sent: Fri, 27 Apr 2007 8:43 PM
Subject: RE: Wednesday 5/2

I've realized I need a drink

**Craig Etchegoyen** | Uniloc USA Inc
Founder
3333 Michelson | Suite 600 | Irvine CA 92612
craig@unilocusa.com | T 949 788 1470 ex.226

This email may contain material that is confidential and for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies. Sent from sony ux mobile

**From:** mwbroderick@aol.com [mailto:mwbroderick@aol.com]
**Sent:** Friday, April 27, 2007 5:41 PM
**To:** Craig Etchegoyen; Brad Davis; Ric Richardson External
**Subject:** Fwd: Wednesday 5/2

"realized"


-----Original Message-----
From: DGBostock@mintz.com
To: mwbroderick@aol.com
Sent: Fri, 27 Apr 2007 8:14 PM
Subject: Re: Wednesday 5/2

Mike

We are trying to get this rescheduled to Thursday or Friday. Paul realized he
has to be in KY on Wednesday.

Dean.


----- Original Message -----
From: mwbroderick@aol.com <mwbroderick@aol.com>
To: Bostock, Dean; Hayes, Paul
Cc: bcosgrove01@cox.net <bcosgrove01@cox.net>; bdavis@unilocusa.com
<bdavis@unilocusa.com>; CEtchegoyen@unilocusa.com <CEtchegoyen@unilocusa.com>;
ric.r@r2labs.com <ric.r@r2labs.com>; BDavis@unilocusa.com <BDavis@unilocusa.com>;
CEtchegoyen@unilocusa.com <CEtchegoyen@unilocusa.com>
Sent: Fri Apr 27 18:20:55 2007
Subject: Wednesday 5/2

Dear Paul and Dean,

I will be in Providence next Wednesday 5/2.

I can join you at the Capitol Grill for a late lunch before court but feel no
obligation. Otherwise, I'll see you in Courtroom #2 around 2:20.

I have a flight back to CA on Wednesday at 5:20 out of Providence.

Regards,

Mike
202-213-9342 cell

---

AOL now offers free email to everyone. Find out more about what's free from AOL
at AOL.com <http://www.aol.com?ncid=AOLAOF00020000000437> .



------------------------------------------------------------

IRS CIRCULAR 230 NOTICE