1  Steven C. Smith, CA State Bar No. 116246
   SMITH LC
2  3161 Michelson Drive, Suite 925
   Irvine, CA 92612
3  Telephone:   (949) 416-5000
   Facsimile:   (949) 416-5555
4  Email:       ssmith@smith-lc.com

5  John L. Krenn, Esq., MN State Bar No. 12493X
   GRAY PLANT MOOTY MOOTY & BENNETT, P.A.
6  500 IDS Center
   80 S. Eighth Street
7  Minneapolis, MN 55402
   Telephone: (612) 632-3222
8  Facsimile: (612) 632-4222
   Email:       john.krenn@gpmlaw.com
9
10 Attorneys for Plaintiff
   Uniloc Luxembourg, S.A.
11

12                    UNITED STATES DISTRICT COURT

13                       CENTRAL DISTRICT

14                      SOUTHERN DIVISION

15

16 UNILOC LUXEMBOURG, S.A.,        CASE NO:  8:16-cv-00231-CJC-DFM

17              Plaintiff,         Assigned to: Judge Cormac J. Carney
                                   Dept.:  9B
18       vs.                       Referred to: Magistrate Judge Douglas
                                   F. McCormick
19 MICHAEL W. BRODERICK,           Dept.: 6B

20              Defendant.         Complaint Filed:   10/13/15
                                   Trial Date:        6/20/17
21
22                                 **STIPULATED PROTECTIVE
                                   ORDER FOR LITIGATION
23                                 INVOLVING CONFIDENTIAL
                                   INFORMATION AND ORDER**
24
25
26
27
28

                                  - 1 -
─────────────────────────────────────────────────────────
     STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND
                          [PROPOSED] ORDER

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**1.**    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal, and the standards set forth in the Local Rules will be applied when a party seeks permission from the court to file material under seal.

**2.**    GOOD CAUSE STATEMENT

This action is likely to commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    <u>DEFINITIONS</u>

4.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

4.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), <u>and as specified above in the Good Cause Statement.</u>

4.3     Counsel (without qualifier): Counsel of Record, their co-counsel, and their support staff.

4.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

4.7     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.8     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm, which has appeared on behalf of that party.

4.9     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.10     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.11     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits

or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

6.    DURATION

Once a case proceeds to trial, information that was designated as confidential or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all

members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See *Kamakana*, 447 f.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

7.     DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony (including exhibits) and specify the level of protection being asserted.

Transcripts (including exhibits) containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers and exhibit numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND
[PROPOSED] ORDER

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must comply with the meet and confer requirements and procedures set forth in Civil Local Rule 37-1 and 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party in a manner consistent with Rule

26(c).  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, and the officers, directors, and employees of the Receiving Party to whom disclosure is necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

(f) professional jury or trial consultants, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order; and/or

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information **produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.**

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   <u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.

14.     <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the parties, within 60 days after the termination of this action, as defined in paragraph 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or provide a written certification within the 60 day period that all of the Protected Material has been destroyed.  Such certification shall affirm that all the Protected Material was destroyed that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     <u>MISCELLANEOUS</u>

15.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Protective Order.

15.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.        <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*(Signature page and [Proposed] Order follows)*

Dated:  January 23, 2017              **SMITH LC**

                                      */s/ Steven C. Smith*
                                      STEVEN C. SMITH, CA SBN116246
                                      SMITH LC
                                      3161 Michelson Drive, Suite 925
                                      Irvine, CA 92612
                                      Telephone:   (949) 416-5000
                                      Facsimile:   (949) 416-5555
                                      Email:        ssmith@smith-lc.com

                                      John L. Krenn, Esq., MN SBN 12493X
                                      GRAY PLANT MOOTY MOOTY &
                                      BENNETT, P.A.
                                      500 IDS Center
                                      80 S. Eighth Street
                                      Minneapolis, MN 55402
                                      Telephone:  (612) 632-3222
                                      Facsimile: (612) 632-4222
                                      Email:        john.krenn@gpmlaw.com

                                      ***Attorneys for Plaintiff***
                                      ***Uniloc Luxembourg, S.A.***

- 15 -
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND [PROPOSED] ORDER

1    Dated: January 23, 2017                    **KOLETSKY, MANCINI, FELDMAN &**
2                                               **MORROW**
3
4                                               */s/ Jason N. Cirlin*
                                                KOLETSKY, MANCINI, FELDMAN &
5                                               MORROW
                                                3460 Wilshire Boulevard, Eighth Floor
6                                               Los Angeles, CA 90010
                                                Telephone:  (213) 427-2350
7                                               Facsimile: (213) 427-2366
                                                E-mail:       jcirlin@kmfm.com
8
                                                Brett J. Vottero, Esq.
9                                               FEIN EMOND &APPLEBAUM P.C.
                                                53 Mulberry Street
10                                              Springfield, MA 01105
                                                Telephone:  (413) 781-5400
11                                              Facsimile: (413) 739-0801
                                                Email:        bvottero@fpepc.com
12
13                                              ***Attorneys for Defendant***
                                                ***Michael W. Broderick***
14
15
16
17            **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
18
19
20    DATED: February 1, 2017          _____
                                       Honorable Douglas F. McCormick
21                                     United States District/Magistrate Judge
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS AND
[PROPOSED] ORDER

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read and fully understand the Stipulated Protective Order ("Protective Order") in effect in case No. 8:16-cv-00231-CJC-DFM, commonly known as *Uniloc Luxembourg, S.A. v. Michael W. Broderick,* (the "Lawsuit").   I agree to comply with and be bound by the Protective Order and by such other orders as the Court may make regarding discovery of Confidential Information, as defined in the Protective Order.  I agree that I will not disclose, either directly or indirectly, any Confidential Information to any person or in any manner not specifically authorized by the Protective Order.  I agree that I will not copy or use any Confidential Information except solely for the purposes of the Lawsuit and I will return any Confidential Information and any copies thereof within 60 days of the termination or the final disposition of the Lawsuit as set forth in the Protective Order.  I agree that I will not distribute copies of, or provide access to, any Confidential Information to any person, either directly or indirectly, except as set forth in the Protective Order.  I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Protective Order.


Signature:        _____

Printed Name:    _____

Date:              _____

EXHIBIT "A"